**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
**MARY C. WILLIAMS,**                        )
                                                          )
     **Plaintiff,**                              )
                                                          )
         **v.**                                      )          **Case No. 20-cv-931 (APM)**
                                                          )
**JULIO AVILES, et al.,**                       )
                                                          )
     **Defendant.**                          )
_____)

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Plaintiff Mary Williams brings this action for breach of contract against Defendant Frederick Mutual Insurance Company ("Defendant") to recover damages caused by a negligently installed HVAC unit in Plaintiff's home by one of Defendant's insureds, Defendant Julio E. Aviles. Plaintiff filed a claim with Defendant, which Defendant denied based on a policy exclusion. Plaintiff then brought this action.

Defendant moves to dismiss on two grounds. First, it asserts that Plaintiff fails to state a claim because she is not a third-party beneficiary of the insurance contract. Second, it contends that, even if Plaintiff can sue on the contract, her action is premature under the express terms of the agreement. The court agrees with the second of these contentions and, for that reason, Defendant's motion is granted.

### II.    BACKGROUND

In November 2016, Plaintiff contracted with Aviles to install an HVAC unit in her home in Washington, D.C. Pl.'s Sec. Am. Compl., ECF No. 23 [hereinafter Sec. Am. Compl.], ¶¶ 1–2. As a result of Aviles' negligent installation of the unit, natural gas seeped into the vents of

Plaintiff's upstairs bedroom while she slept, causing significant illness.  *Id.* ¶ 18.  Plaintiff sought medical treatment in January 2017 and again in April 2017.  *Id.* ¶¶ 7–9.  In April 2017, Aviles confirmed that the gas line had not been adequately secured, repaired the gas line, and sealed the leak.  *Id.* ¶¶ 16–17.  On or about May 1, 2017, Aviles referred Plaintiff to Defendant to file a claim for reimbursement of medical bills and other costs associated with her injuries.  *Id.* ¶ 43.  On or about May 5, 2017, Plaintiff filed a claim with Defendant, which was reviewed and denied on the basis of a policy exclusion.  *Id.* ¶¶ 46–47.

On or about March 13, 2020, Plaintiff filed suit against Aviles and Defendant.  Notice of Removal, ECF No. 1 [hereinafter Not. of Remov.], Super. Ct. Compl., ECF No. 1-2.  The action was subsequently removed to this court.  Not. of Remov.  Count IV of the Second Amended Complaint, the sole claim advanced against Defendant, alleges breach of contract.  Sec. Am. Compl. ¶¶ 41–52.  Plaintiff claims that, by virtue of "Aviles' referral, [Plaintiff] became the intended beneficiary of [Aviles' policy with Defendant]," thereby conferring the right to sue to enforce the terms of the policy.  *See id.* ¶ 44.  Plaintiff further alleges that Defendant breached its duty "to review her claim and act in good faith in paying that claim" when it rejected her claim "based on a deliberate misinterpretation of the information provided and the liability policy terms." *Id.* ¶¶ 50–51.  On August 17, 2020, Defendant moved to dismiss Count IV for failure to state a claim.  Defs' Mot. to Dismiss, ECF No. 24 [hereinafter Def.'s Mot.].

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  At the motion to dismiss stage, the court must accept as true a plaintiff's well-pleaded factual contentions and draw all reasonable inferences in the plaintiff's favor, but it need not accept thread-bare recitals of the elements of standing or legal conclusions disguised as factual allegations.  *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case can be dismissed.  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## IV.   DISCUSSION

Defendant advances two arguments for dismissal of Plaintiff's breach of contract claim. First, Defendant contends that Plaintiff fails to state a claim because she is not a third-party beneficiary of the insurance policy between Defendant and Aviles.  Def.'s Mot. at 7–13.  Second, Defendant argues that, even if Plaintiff is a third-party beneficiary, her claim is premature under the express terms of the insurance agreement.  *Id.* at 13–16.  The court discusses these assertions in turn.

### A.   Plaintiff's Status as a Third-Party Beneficiary

Generally, a stranger to a contract may not bring a claim to enforce its terms.  *Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C. 2008) (citing *German All. Ins. Co. v. Home Water Supply Co.*, 226 U.S. 220, 230 (1912)).[1]  "In order to sue for damages on a contract claim, a plaintiff must have either direct privity or third party beneficiary status."  *Id.* (quoting *Alpine Cty. v. United States*, 417 F.3d 1366, 1368 (Fed. Cir. 2005)).  "To be intended, a beneficiary need not be named in the contract, as long as he or she is ascertainable

---

[1] Neither party specifies which state's law applies to the insurance contract, so the court assumes for present purposes that District of Columbia law applies.

from the contract and the circumstances of the contract." *Hossain v. JMU Props., LLC*, 147 A.3d 816, 820 (D.C. 2016) (internal quotation marks omitted); *see also W. Union Tel. Co. v. Massman Constr. Co.*, 402 A.2d 1275, 1277 (D.C. 1979) ("[T]he absence of the third party's name from the contract is not fatal to his claim, especially when the surrounding circumstances tend to identify the third-party beneficiary."). "[A]n indirect interest in the performance of the [contractual] undertakings is insufficient." *Fort Lincoln*, 944 A.2d at 1064 (internal quotation marks omitted).

The parties do not cite any District of Columbia case that addresses whether an injured party is an intended third-party beneficiary of a liability insurance contract. Other jurisdictions are split on the answer. In certain states, an injured party is not an intended third-party beneficiary who may sue the insurer directly. *See, e.g.*, *Gianfillippo v. Northland Cas. Co.*, 861 P.2d 308, 310 (Okla. 1993) (holding that the injured party in a car accident could not sue the at-fault driver's insurer because the policy "was not made for the express benefit" of the plaintiff and benefited the plaintiff "only incidentally"). Other states regard the injured party, at least in some circumstances, as a third-party beneficiary of the liability insurance contract. *See, e.g.*, *Hunt v. First Ins. Co. of Haw.*, 922 P.2d 976, 980–81 (Haw. Ct. App. 1996) ("Because [plaintiff], a customer, suffered injury on [insured's] premises and because the Policy provides medical payments to reimburse [insured's] customers for such injuries . . . [plaintiff] is an intended third party beneficiary" of the liability insurance policy with "enforceable contractual rights."); *Gov't Emps. Ins. Co. v. Grp. Hosp. Med. Servs., Inc.*, 602 A.2d 1083, 1086–87 (D.C. 1992) (applying Maryland law) (characterizing injured motorcyclist as third-party beneficiary of at-fault driver's liability insurance contract); *Flattery v. Gregory*, 489 N.E.2d 1257, 1260–62 (Mass. 1986) (Although a driver might purchase liability insurance solely due to "a selfish interest to protect his assets" the

4

owner obtains the desired protection by "entering into a contract the very object of which" is payments to third parties.).

The court need not decide between these two approaches.  Because Defendant's second argument supplies an independent ground for dismissal, the court can assume for present purposes that Plaintiff is a third-party beneficiary of the insurance agreement between Defendant and its insured, Aviles.

### B.    The Unambiguous Policy Terms Foreclose Plaintiff's Claim at this Time

As a third-party beneficiary seeking to enforce the terms of the contract against Defendant, Plaintiff stands in the shoes of the insured.  *See Bituminous Coal Operators' Ass'n, Inc. v. Connors*, 867 F.2d 625, 632 (D.C. Cir. 1989) ("In the usual case, a third party beneficiary that brings a contract claim steps into the shoes of the promisee and is therefore subject to any claim or defense that the promisor would have against the promisee."); *Gov't Emps.*, 602 A.2d at 1086 (the injured party "stands in the shoes of the insured wrongdoer vis-à-vis the insurer").  Thus, Plaintiff's rights are no greater than Aviles' under the policy.  *See Gov't Emps.*, 602 A.2d at 1086 ("Nor does a third-party beneficiary under an insurance contract . . . have any greater rights [than the insured].").  "[A] court 'may dismiss a complaint based on a contract if the contract unambiguously shows that the plaintiff is not entitled to the requested relief.'"  *Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 935 F. Supp.  2d 101, 108 (D.D.C. 2013) (quoting *DynCorp v. GTE Corp.*, 215 F. Supp. 2d. 308, 315 (S.D.N.Y. 2002)).

Here, the policy provides express conditions as to *when* a suit can be brought against the insurer.  It unambiguously states, as relevant here, that:  "No suit may be brought against **us** unless:

> b.    the amount of the **insured's** liability has been determined by:
>
>> 1) a final judgment against an **insured** as a result of a trial; or
>>
>> 2) a written agreement by the insured, the claimant, and **us**."

Sec. Am. Compl., Contractors Special Policy, ECF No. 23-1, at 11.   The "us" in the policy is defined as Defendant, and the "insured" is Aviles.   The policy thus provides that suit cannot be brought against Defendant unless the amount of liability is fixed either by a judgment against the insured following a trial or a settlement to which Defendant has consented.   Neither of those conditions is yet present, and Plaintiff does not contend otherwise.   So, Plaintiff, who has no greater rights than the insured, brought her claim too early.

Plaintiff's response to the policy's clear conditions on suit is jumbled, to say the least.   She asserts that Defendant "mistakenly argues that the terms of the policy preclude Plaintiff, as the third-party intended beneficiary, from exercising more rights under the contract than that which is granted to the insured, Defendant Aviles," but in the very next breath says that, "[c]ontrary to [Defendant's] arguments, Plaintiff, as the third-party intended beneficiary, stands in the place of Defendant Aviles."   Pl.'s Opp'n to Def.'s Mot., ECF No. 27, at 10–11.   Plaintiff's argument ultimately seems to be that Aviles admitted liability by directing her to file a claim with Defendant and, in doing so, "waived his right to enforce the contract in favor of the Plaintiff."   *Id.* at 11. Elsewhere she states that "the conditions outlined in the policy were satisfied to the extent possible by the Defendant Aviles."   *Id.* at 11.   But Plaintiff's waiver theory makes little sense.   She offers no support for the notion that an *insured*, by words or deed, can waive contractual conditions designed to protect the *insurer* against a lawsuit.   Nor does she identify any waiver of such terms by Defendant.   Under the express terms of the agreement, a party cannot sue Defendant absent a final judgment against the insured or a settlement to which Defendant has consented.   Neither

condition applies here, so Plaintiff's claim is premature.  Count IV of the Complaint must therefore be dismissed.

## V.    CONCLUSION AND ORDER

For the reasons stated above, Defendant's Motion to Dismiss is granted.

Dated:  October 21, 2020

_____
                Amit P. Mehta
United States District Court Judge