# EXHIBIT A

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Mary C. Williams, **PLAINTIFF** | Civil Action No. 20-CV-00931 |
| V. | |
| Julio E. Aviles, d/b/a Universal Air Duct Services Frederick Mutual Insurance Co., **DEFENDANTS** | Judge Amit Mehta |

### PLAINTIFF'S AMENDED COMPLAINT FOR NEGLIGENCE, MISREPRESENTATION, BREACH OF CONTRACT

COMES NOW PLAINTIFF MARY C. WILLIAMS, a *pro se* individual, to complain that Julio E. Aviles, an individual, and sole business owner/operator of Universal Air Duct Services, a Maryland company, did negligently install a Trane heating and air conditioning unit in her District of Columbia residence that resulted in serious injury to her person. Plaintiff is seeking $77,125.00 in compensatory and general damages.

### PARTIES

Plaintiff is a former District of Columbia resident who owned the home at 1257 Carrollsburg Place SW in the District of Columbia when and where the Trane heating and air conditioning unit was installed in 2016. She is currently a resident of Pensacola, Florida.

Defendant Julio E. Aviles, hereafter known as Aviles, is the owner and operator of Universal Air Duct Services, a

1

Rockville, Md. based company that is not licensed to operate in the District of Columbia nor Maryland.

Defendant Frederick Mutual Insurance Co., hereafter known as Insurer, is a Frederick, MD company that insured Julio Aviles and/or Universal Air Duct Services.

**JURISDICTION**

Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446.

**COUNT I: NEGLIGENCE – DEFENDANT AVILES**

1. Plaintiff was the sole owner and occupant of the single-family home at 1257 Carrollsburg Place SW in the District of Columbia from 2000 to 2018.
2. On or about November 16, 2016, Plaintiff contracted with Defendant Aviles, d/b/a Universal Air Duct Services, to install a new Trane Heating and Air Conditioning unit in the home.
3. Plaintiff agreed to pay the Defendant Aviles a total of $6,800.00 for the installation of the new unit.
4. Defendant Aviles allegedly completed installation of the new unit on or about Nov. 21, 2016.
5. Plaintiff paid Defendant Aviles the balanced owed for installation on or about Nov. 21, 2016.
6. Plaintiff used the new furnace whenever the temperature dipped below 55 degrees.

7. On or about mid-January 2017, Plaintiff began to suffer flu-like symptoms and went to see her primary physician, where she was treated for the flu.

8. On April 2, 2017, Plaintiff was awakened from sleep by a bout of severe nausea and a serious headache with all over body ache.

9. Plaintiff was subsequently transported to Capitol Hill Urgent Care and then by ambulance to Medstar Washington Hospital Center, where she was treated and then released the next day.

10. Upon return home on April 3, 2017, Plaintiff again suffered a severe headache and nausea, forcing her to leave the home.

11. Plaintiff contacted Washington Gas to check home for possible contaminants or hazards.

12. Early on April 4, 2017, Washington Gas Technician Madden arrived and proceeded to inspect the entire home.

13. Technician Madden discovered natural gas seeping from inside the HVAC closet and pinpointed the leak on the newly installed gas line on the furnace.

14. Technician Madden then tagged the gas line leading to the HVAC system with the red warning sign.

15. Plaintiff contacted Defendant Aviles immediately.

16. Defendant Aviles showed up on April 5, 2017, allegedly inspected the hazard warning tag, and confirmed that the line had not been adequately tightened and needed to be secured.

17. Defendant Aviles allegedly made the necessary repairs to the gas line to seal the leak.

18. Defendant Aviles failure to properly install the new HVAC, which caused natural gas to seep into the vents of Plaintiff's upstairs bedroom while she slept, is the direct cause of bodily injuries.

19. Plaintiff incurred approximately $14,887.93 in medical costs, $15,886.61 for annual medical insurance premiums for examinations to date, and other associated losses and costs.

20. Plaintiff is seeking an additional $45,350.36 for pain and suffering.

**Count II – BREACH OF CONTRACT– DEFENDANT AVILES**

21. Plaintiff incorporates the foregoing paragraphs 1-20 into the Breach of Contract cause of action against Defendant Aviles.

22. Defendant Aviles d/b/a Universal Air Duct had a duty to install the new HVAC properly and in compliance with the D.C. residential building code.

4

23. Defendant Aviles warranted that he installed this Trane unit properly and issued a 10-year warranty on the unit and a 3-year guarantee on his work.

24. Plaintiff paid Defendant Aviles a total of $6,800.00 for the installation.

25. But on or about April 5, 2017, Defendant Aviles confirmed that the new gas line that he installed was not properly secured.

26. Defendant Aviles allegedly corrected the problem involving the new gas line and secured the line.

27. On or about April 10, a licensed Trane technician from Frosty's Heating and Air examined the HVAC unit and found several other deficiencies with the installation.

28. On or about Nov. 1, 2017, an inspection conducted by Enlighten Home Inspections, LLC found the duct work was not installed properly and several other defects.

29. As a result of Defendant's failure to properly install the new HVAC system, Plaintiff not only suffered bodily injury and was hospitalized when natural gas leaked out of the unsecure line, but the value of her real property was compromised by the failure to properly install the unit.

30. Defendant Aviles' failure to properly secure the gas line on the new HAVC was the direct and proximate cause

5

of Plaintiff's injuries and the decrease in the home's value on the market.

31. Plaintiff incurred approximately $14,887.93 in medical costs, along with $15,886.61 for annual medical insurance premiums to date, and an estimated $2,550.00 of loss in real property value.

32. Plaintiff is seeking an additional $45,350.36 for pain and suffering and compensation for the time spent having to coordinate repairs.

### COUNT III - MISREPRESENTATION - DEFENDANT AVILES

33. Plaintiff incorporates the foregoing paragraphs 1-32 into this cause of action against Defendant Aviles.

34. On or about Nov. 16, 2016, Defendant Aviles represented to Plaintiff that he was a certified Trane dealer and installer.

35. Defendant Aviles representations persuaded Plaintiff to hire him to install the unit.

36. Defendant Aviles representations included that he was licensed and bonded contractor in the District of Columbia.

37. Plaintiff learned on or about May 1, 2017, that Defendant Aviles nor his company, Universal Air Duct Services, are licensed to do business in the District of Columbia.

38. Defendant Aviles' representations as to his business' and work qualifications lead Plaintiff to trust that the unit installation would comply with D.C. code.

39. Plaintiff's reliance on Defendant Aviles' representations were persuasive in her decision to hire him to install the HVAC unit.

40. Plaintiff is seeking $1,000.00 in damages, pursuant to D.C. Consumer Protection Act regarding unfair or deceptive trade practices( D.C. Code §28-3904(a)(b)(e)(f)).

### COUNT IV - BREACH OF CONTRACT - FREDERICK MUTUAL

41. Plaintiff incorporates the foregoing paragraphs 1-41 into the cause of action against Frederick Mutual Insurance Co. of Maryland.

42. FMIC was identified by Defendant Aviles as his commercial liability insurer.

43. On or about May 1, 2017, Defendant Aviles referred Plaintiff to FMIC to file a claim for reimbursement of medical bills and costs resulting from his installation of the HVAC in her home.

44. Plaintiff alleges that by Defendant Aviles' referral, she became the intended beneficiary of his FMIC policy covering Completed Work Hazard and Principal Coverages. *(See parag. 11(b) FMIC Liability Coverage N, pg. 4-5)*

45. Defendant FMIC then had an implied duty to Plaintiff as the intended beneficiary of that policy.

46. On or about May 5, 2017, Plaintiff filed the claim seeking reimbursement of medical expenses and costs.

47. Defendant Insurer denied Plaintiff's claim on July 7, 2017, citing a policy exclusion clause for bodily injury coverage arising from existing pollutants on work site. **(Ex. 1, FMIC Liability Policy, pg. 8, Sec. 4(a).**

48. Plaintiff's home did not contain any existing "pollutants" on or near the HVAC work site at the time of the installation, nor was there any evidence of an existing gas leak on the site prior to Defendant Aviles installation of the new unit.

49. FMIC's denial of the claim required Plaintiff to expend approximately 45 hours of her personal time over the next 12 months monitoring her health for signs of long-term or permanent injury, copying and compiling documents for review and consults with advisors, and planning and preparing for possible litigation.

50. Plaintiff alleges that Defendant FMIC had a legal contractual obligation to review her claim and act in good faith in paying that claim.

51. Plaintiff states that FMIC breached that duty when it rejected her claim based on a deliberate

misinterpretation of the information provided and the liability policy terms.

52. Plaintiff is seeking compensatory damages of $14,887.93, along with $15,886.61 in general damages for 2 years of medical premiums, and $45,351.40 for pain and suffering and personal time loss managing this claim.

## DAMAGES AND RELIEF SOUGHT

Whereas Plaintiff respectfully seeks judgment against both Defendants for the sum of $76,125.00 (Seventy-Six Thousand Dollars and no cents), in compensatory and general damages, along with $1,000 (One Thousand Dollars and no cents) punitive damages, for a total of $77,125.00, plus legal interests from June 2017, and any other reasonable fees and costs that the Court may deem just and proper.

Respectfully submitted


/s/Mary C. Williams, Plaintiff
1821 E. Maxwell St.
Pensacola, FL  32503
DC Bar 489632/FL Bar 138827
Mslaw1121@aol.com
202-669-0760
850-776-0573

9

**CERTIFICATE OF SERVICE**

I, Mary C. Williams, do hereby affirm that a copy of the foregoing amended complaint was emailed to the Defendants' counsels at their respective emails listed below and e-filed in the PACER ECF system on Aug. 1, 2020.

> Sandra T. Carson, Defendant's Counsel
> Defendant Julio Aviles
> 810 Gleneagles Court, Suite 304
> Towson, MD  21286
> scarson@defensecounsel.com
>
> Peter Biberstein, Defendant's Counsel
> Defendant Frederick Mutual Insurance Co.
> 1025 Connecticut Ave. NW, Suite 08
> Washington, DC  20036
> PBiberstein@tthlaw.com

/s/Mary C. Williams

Plaintiff